UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Johnny and Dora Ranero            Case Number: 13-34339-RAM
                                         Chapter 13

      Debtors
_____/

**DEBTORS' OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE FILED ON FEBRUARY 6, 2015 BY SPACE COAST CREDIT UNION**

COME NOW the Debtors, Johnny and Dora Ranero, by and through their undersigned counsel, and file this Objection to Notice of Mortgage Payment Change filed on February 6, 2015 by Space Coast Credit Union and in support thereof states:

1. The instant case was filed under Chapter 13 on October 9, 2013.

2. Debtors' Chapter 13 plan provides for a mortgage cure on their homestead property with the lender, Space Coast Credit Union.

3. Space Coast Credit Union filed a Notice of Mortgage Payment change on February 14, 2014 increasing the debtors' regular mortgage payment to $2,213.34. An increase in the amount of $690.04 due to forced-placed lender insurance that would become effective March 1, 2014, giving debtors 15 days notice instead of the 21 days notice pursuant to Bankruptcy Rule 3002-1.

4. To conform to the new regular payment debtors filed an Amended Plan increasing the regular payment starting on month five of their plan, March, 2014.

1

5. Immediately upon receipt of the notice the debtors obtained their own homeowners insurance coverage (herein attached to as Exhibit "A") with an effective date of March 29, 2014 through March 29, 2015.

6. Upon receipt of the debtors' homeowners insurance policy, undersigned counsel via his associate Kenia Molina, provided said coverage to counsel for Space Coast Credit Union, Ms. Alexis Read. Mrs. Molina also requested that Space Coast file a Notice of Mortgage Payment Change upon cancellation of their forced-placed insurance policy.

7. Mrs. Molina has contacted counsel for Space Coast Credit Union, Ms. Alexis Read, for five months from February, 2014 through July, 2014 requesting a Notice of Mortgage Payment Change. Thereafter, Ms. Molina went on maternity leave.

8. It was not until a year later, February 6, 2015, that Space Coast filed a Notice of Mortgage Payment Change in the amount of $1,620.72. A reduction in the amount of $592.62 from the previous mortgage payment change notice. Had the lender promptly filed a Notice of Mortgage Payment Change when they received and verified the debtors' proof of insurance, said payment would have been effective approximately in April, 2014.

9. The Trustee issued a Notice of Delinquency in the instant case June 23, 2015. Upon review of the notice of delinquency, the debtors have been making their payments to the trustee however, a lesser amount of $3,284.84 which was the debtor's plan payment amount prior to the amended plan was in effect.

10. Undersigned counsel met with the debtors and they assumed that since they had purchased their own homeowners insurance they were not required to pay the increased regular mortgage payment.

11. Upon undersigned's consultation with the debtors, his associate, Kenia Molina, reached out to counsel for Space Coast, Ms. Alexis Read, via e-mail.

12. Counsel for Space Coast, Ms. Read confirmed via e-mail that the debtors obtained their policy in March, 2014 and that Space Coast's forced-placed insurance was canceled shortly thereafter. She further advised that Space Coast only performs escrow analyses yearly. Further, Ms. Read advised Mrs. Molina that a refund if any; would be due to the debtors upon completion of the plan.

13. Debtors' counsel finds it unreasonable that debtors are being forced to pay double for insurance. Following the reasoning of Space Coast, had the debtors paid their confirmed plan payment amount of $4,051.56 ignoring the fact that they purchased homeowners insurance, they would receive a refund at completion of the plan in the amount of $7,111.44. That is not reasonable, especially for debtors who are in bankruptcy and who are paying all their disposable income into their plan.

14. It is also unreasonable to have the debtors' forced to pay double for insurance when it is undisputed that the lender's forced-place insurance was canceled and the lender delayed in filing a new notice of mortgage payment change.

15. It is important to note that as of the date of the filing of this motion the debtors have paid a total of $73,333.33. The debtors are a humble family of four whose primary goal is to save their home.

16. Undersigned counsel has never had any issue with lenders re-analyzing escrow upon receipt of homeowners insurance provided by the debtors. In fact these matters usually are resolved without the need for court remedies. In particular in mortgage modification cases where a high number of loans have forced place insurance, lenders are normally more than willing to re-analyze escrow upon request from debtor and their attorney. It certainly does not take one year to re-analyze escrow upon receipt of insurance provided by the debtors.

17. Simultaneously with the filing of the instant motion debtors are filing a Motion to Modify.

18. The Motion to Modify calculates debtors' new regular mortgage payment amount to have commenced approximately in month six of their plan, April, 2014 after their own insurance became effective. Undersigned counsel estimated one month of forced place insurance, month five of the debtors plan, March, 2014, providing the lender one month to re-analyze the escrow, which should a reasonable turn around time.

19. Undersigned counsel requests that Space Coast Credit Union file an amended notice of mortgage payment change in the instant case that will reflect the cancellation of their forced-placed insurance and adoption of the debtors insurance.

WHEREFORE the Debtor respectfully request that this Court grant this Motion and Order Space Coast Credit Union to file an amended notice of mortgage payment change and grant such further relief as this Court may deem just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via ECF to: Nancy N. Neidich, Trustee, and via CM/ECF and regular mail to Space Coast Credit Union, Attn: Alexis S. Read, Esq., 25 SE Second Avenue, Suite 730, Miami, FL 33131 on August 7, 2015.

Respectfully Submitted:

**ROBERT SANCHEZ, P.A.**
Attorney for Debtor
355 W 49th Street
Hialeah, FL 33013
Tel. (305) 687-8008

By:/s/Robert Sanchez_____
    Robert Sanchez, Esq., FBN#0442161